_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01941-FWS-ADS                                   Date: June 28, 2022
Title: Ryan Sullivan v. Amazon.com, Inc. *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:**   **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]**

    Before the court is Plaintiff Ryan Sullivan's ("Plaintiff") Motion to Remand ("Motion" or "Mot."), in which Plaintiff seeks to remand this action to the Superior Court of California, County of Orange. (Dkt. 9.) On April 27, 2022, Defendant Amazon.com, Inc. ("Defendant") filed an Opposition ("Opp.") to the Motion. (Dkt. 25.) On May 4, 2022, Plaintiff filed a Reply ("Reply") in support of the Motion. (Dkt. 27.)

    The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion.

    **I.**    **Procedural Background**

    On September 21, 2021, Plaintiff filed a Complaint in the Superior Court of California, County of Orange against Defendant (the "Complaint"). (*See* Dkt. 1-1.) The Complaint asserts claims against Defendant for strict products liability and negligence based on Plaintiff's purchase of an adjustable weight bench from Defendant's website that injured Plaintiff when it malfunctioned and/or collapsed. (*Id.* ¶¶ 11-15.) On November 24, 2021, Defendant removed the action to this court based on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1.) On

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:21-cv-01941-FWS-ADS | Date: June 28, 2022 |
| Title: Ryan Sullivan v. Amazon.com, Inc. *et al.* | |

December 22, 2021, Plaintiff moved to remand the action to the Superior Court of California on the ground that Defendant has not sufficiently established an amount in controversy in excess of $75,000, thus defeating diversity jurisdiction. (Dkt. 9.)

### II.     Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a suit originates in state court, a defendant may remove the suit to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000." *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. October 31, 2014). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Additionally, district courts strictly construe 28 U.S.C. § 1441(a) against removal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

For the court to have diversity jurisdiction, there must be complete diversity as to the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. *See also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:21-cv-01941-FWS-ADS | Date: June 28, 2022 |
| Title: Ryan Sullivan v. Amazon.com, Inc. *et al.* | |

App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

"[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). If the complaint does not demonstrate from its face an amount in controversy greater than $75,000, "the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson*, 319 F.3d at 1090 (9th Cir. 2003). *See also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000].") The Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson*, 319 F.3d at 1090 (internal quotation marks and citation omitted). Where a complaint does not specify an amount in damages, the court may consider supplemental evidence not originally included in the removal notice and offered by the removing defendant. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) ("The district court did not err in construing [defendant's] opposition as an amendment to its notice of removal."); *see also Davis v. Chase Bank U.S.A., N.A.*, 453 F. Supp. 2d 1205, 1208 (C.D. Cal. 2006) ("In its discretion, a district court may accept certain post-removal admissions as determinative of the amount in controversy.").

### III.   Discussion

Plaintiff's Complaint does not allege a specific amount in controversy. (Dkt. 1-1.) Instead, the Complaint asserts Plaintiff was injured while using an adjustable weight bench that "malfunctioned and/or collapsed, thereby causing Plaintiff to endure severe injury and pain." (*Id.* ¶ 13.) The Complaint's Prayer for Relief seeks: (1) special damages including past and future medical expenses, "and all other related special damages incurred by and on behalf of Plaintiff"; (2) general damages for personal injury, pain and suffering, and emotional distress; (3) loss of earnings and earning capacity, both past and future, and all other related special damages; (4) pre and post-judgment interest and costs of suit; and (5) any other relief deemed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01941-FWS-ADS                                                                           Date: June 28, 2022
Title: Ryan Sullivan v. Amazon.com, Inc. *et al.*

just and proper.  (*Id.*, Prayer for Relief.)  Along with the Complaint, Plaintiff served a Statement of Damages seeking general damages in excess of $1 million and special damages in excess of $1 million.  (*See* Dkt. 1-3.)

Plaintiff argues, in summary, that remand of this action is proper because Defendant has not established an amount in controversy in excess of $75,000 and has therefore not established diversity jurisdiction.  (Mot. at 11-13; Reply at 2-12.)  Plaintiff further argues that a party's refusal to stipulate to an amount of damages that does not exceed $75,000 does not establish the amount in controversy.[1]  (Mot. at 11-13.)

Based on the state of the record, as applied to the applicable law, the court finds that Defendant has sufficiently proven "by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *See Matheson*, 319 F.3d at 1090.

*First*, based on the record, the court finds Plaintiff seeks damages in excess of $2 million in the Statement of Damages, indicating that the amount in controversy meets the jurisdictional threshold.  Under California Code of Civil Procedure section 425.10, "where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated."  Relatedly, California Code of Civil Procedure section 425.11 provides, in a personal injury action, "the defendant may at any time request a statement setting forth the nature and amount of damages being sought."  The purpose of section 425.11 "is to

---

[1] Defendant also argues the amount in controversy is met because Plaintiff refused to stipulate to an amount of damages that does not exceed $75,000.  (Opp. at 6-9.)  However, district courts throughout the Ninth Circuit have held that the amount in controversy cannot be established by a plaintiff's refusal to stipulate to less than the jurisdictional threshold.  *See, e.g., Rindels v. Tyco Integrated Sec., LLC*, 2015 WL 469013, at *4 (C.D. Cal. Feb 4, 2015) (collecting cases); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *4 (E.D. Cal. July 14, 2010) ("[D]istrict courts in this circuit have persuasively rejected the proposition that the amount in controversy can be established by a plaintiff's refusal to stipulate to the amount in controversy.").  Accordingly, the court does not address Defendant's argument regarding Plaintiff's failure to stipulate to the amount in controversy further.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01941-FWS-ADS                                     Date: June 28, 2022
Title: Ryan Sullivan v. Amazon.com, Inc. *et al.*

___

give the defendant a specific notice of damages sought that is separate and apart from the existing mechanisms of settlement conference statements and the at-issue memorandum." *Debbie S. v. Ray*, 16 Cal. App. 4th 193, 199 (1993). "Accordingly, although a statement of damages pursuant to section 425.11 is not filed with the court as part of the complaint, it is normally viewed as a serious estimate of the damages in a given case." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1230 (N.D. Cal. 2000).

Although Plaintiff suggests that the damages estimate of at least $2 million (see Dkt. 1-3) may be an inflated sum by citing to various cases, Plaintiff provides an insufficient explanation of why this estimate is unreasonable or inaccurate. (*See* Mot. at 12-13 (citing cases where damages estimates did not establish the amount in controversy because the estimates were merely "bold optimistic prediction[s]" and "inflated and arbitrary number[s]"); Reply at 4 (citing the same cases)). Plaintiff's assertion that the Complaint "merely seeks general damages in a sum according to proof for medical, hospital, and related expenses according to proof, etc" does not adequately explain why the damages estimate should not be taken seriously. (Reply at 5.) Nor does Plaintiff explicitly request that the court disregard the Statement of Damages. (*See generally* Mot. & Reply.) Accordingly, the court considers the Statement of Damages as Plaintiff's "serious estimate" of the damages in this case. *Surber*, 110 F. Supp. 2d at 1230.

*Second*, Plaintiff's own discovery responses indicate damages for past medical expenses alone total $66,414.00. (*See* Declaration of Melissa Harly Rose ("Rose Decl.") ¶ 4, Exh. B (listing incurred medical expenses of $8,435.00, $220.00, $1,695.00, $51,480.00, $2,284.00, and $2,300.00)). The court notes that past medical expenses are only one of the categories of damages sought by Plaintiff, and amount to over 88% of the jurisdictional requirement. Per the Complaint, Plaintiff is also seeking damages for future medical expenses, past loss of earnings, future loss of earning capacity, and general damages for pain, suffering, and emotional distress. (Dkt. 1-3 at 9.) Plaintiff has also stated in discovery responses that he is still receiving medical treatment, suggesting Plaintiff's damages from medical expenses may continue to accrue above the stated figure of $66,414.00. (*See* Rose Decl. ¶ 6, Exh. D (Response to Request for Admission No. 2)).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01941-FWS-ADS                                           Date: June 28, 2022
Title: Ryan Sullivan v. Amazon.com, Inc. *et al.*

Based on the record, the court finds Defendant has sufficiently proven by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *See, e.g.*, *Moore v. CVS Health Corp.*, 2017 WL 2999021, at *2 (C.D. Cal. July 14, 2017) (holding that the amount in controversy was met where "due to the severity of the alleged injuries and damages sought . . . the Court finds it reasonably apparent that Plaintiff's prayer for relief satisfies the requirement under the provisions of § 1332(a)").

Finally, there is no material dispute between the parties regarding diversity of citizenship. Plaintiff resides in California and Defendant is a Delaware corporation with headquarters located in Washington. (*See* Compl. ¶¶ 1-3; Declaration of Clarice Cohn ¶¶ 2-5). Based on the record, as applied to the applicable law, the court concludes that diversity jurisdiction under 28 U.S.C § 1332 exists in this action.

### IV.    Disposition

For the reasons set forth above, the court **DENIES** the Motion to Remand.[2]

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku

---

[2] As the non-prevailing party, Plaintiff is not entitled to attorneys' fees and costs under 28 U.S.C. § 1447(c). *See id.* ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'). Accordingly, the court denies Plaintiff's request for attorneys' fees and costs along with the Motion.

---